UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

In re:

Corey S. Ribotsky                                                  Case No.: 23-70583-ast
                                                                   Chapter 7

                                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -·X

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART CROSS MOTIONS FOR SUMMARY JUDGMENT

### *Issues Before the Court and Summary of Ruling*

Pending before this Court are the motions of the Debtor, Corey S. Ribotsky ("Debtor" or "Mr. Ribotsky"), and a creditor, the Securities and Exchange Commission (the "SEC"), each seeking summary judgment on the nondischargeability of a debt owed to the SEC. For the reasons stated herein, this Court will deny summary judgment as to Debtor and grant summary judgment in part as to the SEC and set a trial on the remaining issues.

### *Jurisdiction*

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 1334(b), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012.

### *Factual History[1]*

On September 28, 2011, the SEC filed a complaint against Debtor and various entities in which he allegedly had an interest in or control over in the District Court for the Eastern District of New York (the "District Court"). On August 17, 2013, the SEC filed an amended complaint which exclusively alleged violations of federal securities laws (the "Amended Complaint"). The Amended Complaint alleged, *inter alia*, that Ribotsky, as the sole managing member of NIR

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties and the public dockets in this case. Local Bankruptcy Rule 7056-1 requires that a party seeking summary judgment file a statement of facts the party alleges to be without a genuine dispute, and that each fact be supported by a citation to admissible evidence in the summary judgment record as required by Rule 56(c) of the Federal Rules. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1. Similarly, facts alleged by a party opposing summary judgment must be set out in a LBR 7056-1 statement supported by admissible testimonial or documentary evidence, and with citation to conflicting testimonial or documentary evidence as required by Rule 56(c); a party may not simply deny alleged material facts by a conclusory statement, or without citation to admissible evidence. This Court has not considered any fact alleged by either party which is not properly sourced or supported. This Court has also accepted as true properly supported facts alleged by either party which have not been properly refuted or challenged by Plaintiff or Defendant. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1; *Meredith Corp. v. Sesac, LLC*, 1 F. Supp. 3d 180, 186 n.3 (S.D.N.Y. 2014).

Group LLC ("NIR"): (1) acted through NIR to provide investment advisory services to the AJW family of hedge funds ("AJW Funds"); (2) made materially false and misleading statements to the investors of the AJW Funds; (3) misappropriated over $1 million of assets from the AJW Funds for his personal use; and (4) made numerous false and misleading statements to investors in 2007, 2008, and 2009 about the AJW Funds' performance and liquidity.

The District Court action was settled through a consent order signed on August 21, 2013 (the "Consent Order"). The Consent Order provided, *inter alia*, that Mr. Ribotsky neither admitted nor denied the SEC's allegations, and that he agreed "(i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint." The District Court entered a final judgment on November 13, 2013 (the "Consent Judgment"), ordering that "[Mr. Ribotsky] is liable for disgorgement of $12,500,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,000,000, and a civil penalty in the amount of $1,000,000 . . . ." Notably for this dispute, the Consent Judgment contains no findings of fact or conclusions of law.

On June 3, 2021, Mr. Ribotsky filed a motion in the District Court pursuant to Federal Rule of Civil Procedure 60(b)(6) (the "Rule 60(b)(6) Motion") seeking relief from the Consent Judgment.

On June 11, 2021, the SEC filed an objection to the Rule 60(b)(6) Motion.

On March 28, 2022, the District Court denied the Rule 60(b)(6) Motion because it was, "untimely and otherwise contrary to the established law regarding the finality of monetary consent judgments."

### *Procedural History Before This Court*

On December 17, 2014, Debtor filed a petition for relief (the "First Bankruptcy") under Chapter 7 of Title 11 of the United States Code (case no. 14-75575-AST) (the "Bankruptcy Code").

On January 16, 2016, Debtor received a Chapter 7 discharge (the "Chapter 7 Discharge").

On October 10, 2022, Debtor filed another petition for relief, that time under Chapter 11 of the Bankruptcy Code (case no. 22-72781-AST) (the "Second Bankruptcy").

On January 20, 2023, the Court entered an order dismissing the Second Bankruptcy for failure to pay the filing fee.

On February 17, 2023, Debtor filed his third petition for relief, this time again under Chapter 7 of the Bankruptcy Code (the "Third Bankruptcy"). [Dkt. 1]

Thereafter, on February 28, 2023, Debtor filed a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) of the Bankruptcy Code, primarily seeking to stop collection efforts of the SEC (the "Motion"). [Dkt. 8]

On March 3, 2023, the SEC filed an objection to the Motion (the "Objection"). [Dkt. 10] In the Objection, the SEC asserted that their claim against Debtor arising from the Consent Judgment was not discharged under section 523(a)(19) of the Bankruptcy Code following the Debtor receiving his Chapter 7 Discharge in his First Bankruptcy.

Following a hearing on the Motion, the Court entered an order dated May 19, 2023, directing parties to file letter briefs on the issue of the dischargeability of the Consent Judgment. [Dkt. 28]

On May 30, 2023, Debtor filed his letter brief on the issue of whether the Consent Judgment is a non-dischargeable debt. [Dkt. 29]

On June 9, 2023, the SEC filed its letter brief in response. [Dkt. 34]

On October 4, 2023, in order to assure procedural certainty for the parties, this Court issued an order directing the parties to treat the Motion as if Debtor had commenced an adversary proceeding pursuant to Bankruptcy Rules 7001(6) and 7003 on the issue of dischargeability pursuant to section 523(a)(19) of the Bankruptcy Code. [Dkt. 43] That order further set forth that the Motion and all responsive papers would be treated as cross-motions for summary judgment pursuant to Rule 7056 and set a schedule for further submissions, including providing the parties the opportunity to supplement the factual record before this Court.

Debtor and the SEC each filed their statement of material facts on October 27, 2023. [Dkts. 46 & 47]

Debtor filed his supplemental briefing on November 10, 2023. [Dkt. 50]

## *Discussion*

### *A. The Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted). A movant has the initial burden of establishing the absence of any genuine issue of material fact. *See id.* at 322–23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The Second Circuit has repeatedly noted that, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330 n.2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001).

Case law is clear that this Court may apply rules of issue preclusion and claim preclusion to nondischargeability disputes. *See Curtis v. Ferrandina* (In re *Ferrandina*) 533 B.R. 11, 22 (Bankr. E.D.N.Y. 2015) (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991)).

## B. Nondischargeability Pursuant to Section 523(a)(19)

In relevant part, section 523(a)(19) prevents an individual debtor from being discharged from any debt that:

> (A) is for—(i) the violation of any of the Federal securities laws . . .; and (B) results, before, on, or after the date on which the petition was filed, from—(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding; [or] (ii) any settlement agreement entered into by the debtor . . . .

11 U.S.C. § 523(a)(19).

Both subsections 523(a)(19)(A) and (B) must be satisfied to hold the debt nondischargeable. *See Blake v. Fusco* (In re *Fusco*), 641 B.R. 438, 455 (Bankr. E.D.N.Y. 2022) ("[T]o prevail on a Section 523(a)(19) claim, a plaintiff must establish *both* that the debt is for a securities law violation . . . *and* that the debt results from an appropriately memorialized judgment, agreement, or award.").

Debtor concedes that subsection (B) is satisfied here. As such, the Court's analysis focuses solely on the finding of a violation of a federal securities law as required by subsection (A).

### i.    Debtor's Motion for Summary Judgment Regarding Section 523(a)(19)(A)

In short, Debtor argues that the Consent Judgment makes no finding of fact or conclusion of law of a violation of securities law as required by section 523(a)(19)(A), and that as such, that prong has not been met. The burden then shifts to the SEC to raises a genuine issue of material fact on a violation of securities law. The SEC argues that Debtor violated federal securities law, as evidenced by the Amended Complaint leading to the Consent Judgment alleging such violations. Further, based on the plain language of the Consent Order and the Consent Judgment,

Debtor is barred from denying the allegations of the complaint or arguing they have no factual basis.

Accordingly, the SEC has raised a genuine issue of material fact concerning whether Debtor has violated federal securities law. As such, Debtor's motion for summary judgment is denied.

### ii. SEC's Motion for Summary Judgment Regarding Section 523(a)(19)(A)

The SEC and Debtor employ the same arguments to the SEC's motion for summary judgment. The SEC points out that the underlying allegations of the Amended Complaint begin and end with alleging securities law violations and that Debtor is barred from denying the allegations of the complaint or arguing they have no factual basis. However, the District Court made no findings of fact or conclusions of law of any securities violation. Further, the SEC has not provided this Court with documentary evidence, outside of the Amended Complaint, that demonstrates as a factual or legal matter that actual securities violations occurred.

The applicable law on issue preclusion / collateral estoppel for nondischargeability actions in the Second Circuit and the Eastern District of New York is clear. For example, in *Heilbron v. Plaza*, the district court vacated a bankruptcy court's granting of summary judgment on nondischargeability claims under section 523(a)(6). *See* 20-CV-00312, 2021 WL 1062034 (E.D.N.Y. Mar. 19, 2021). In *Heilbron*, it was unclear from the underlying record which subsection of a New York criminal statute the Debtor pled guilty to, and as such, whether that conviction was on an offense which required intentional, reckless, or criminally negligent conduct. *See id.* at *4–5. The district court held that the indefinite underlying record prevented the court from finding that the willfulness element of the section 523(a)(6) claim was met as a matter of law, and remanded the case to the bankruptcy court for a trial on whether the conduct satisfied the willfulness element. *Id.* at 5.

The situation is similar here. While the Amended Complaint leading to the Consent Judgment alleged only violations of federal securities law, the District Court based on the parties' agreements did not make any findings of fact or conclusions of law. Mr. Ribotsky neither admitted nor denied the SEC's allegations and agreed "(i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis." However, agreeing not to contest certain facts is not the same as admitting those facts to be true. The SEC has argued, *inter alia*, that because the Consent Judgment alleged securities law violations and prevents Debtor from fighting those allegations, a violation of securities law is the only conduct that could have led to the Consent Judgment. However, as in *Heilbron*, the underlying record is silent on factual findings on a necessary element of the nondischargeability claim, and the SEC has provided no evidence of such a violation.

The SEC further points to *In re Gilley*, arguing that a bankruptcy court held that the debt owed by the debtor was not discharged after considering an SEC final judgment and the consent incorporated therein. *See Gilley v. S.E.C. (In re Gilley)*, Adv. No. 12-2066, 2013 WL 4460499, at *3 (Bankr. M.D.N.C. 2013), *aff'd*, *Gilley v. S.E.C.*, No. 1:13-cv-916, 2014 WL 11497958

(M.D.N.C. June 3, 2014), *aff'd per curiam sub nom*, *Gilley v. S.E.C.*, 590 Fed.Appx. 227 (4th Cir. 2015). However, the SEC also correctly points out in a footnote that the district court affirmed this case on other grounds; namely, the district court relied on the bankruptcy court's alternate finding that a subsequent summary judgment order in the SEC action included factual findings that the debtor violated the securities laws and therefore independently established that the final judgment was a debt for violation of the securities laws. *See id.* at *4. Without the benefit of such express findings here, *Gilley* does not support the SEC's request here.

As such, this Court cannot make a determination that Debtor violated securities law as a matter of law based on the summary judgment evidence before the Court.

### C. SEC's Collateral Estoppel Argument

The SEC's final argument is that Debtor is collaterally estopped from claiming the Consent Judgment is dischargeable because of the Rule 60(b)(6) Motion which was denied in the District Court case.

Debtor made a host of arguments in his Rule 60(b)(6) Motion, none of which included the debt being discharged in his 2014 bankruptcy. The SEC argues that because Debtor sought a determination that the debt was satisfied, which the District Court denied, the District Court implicitly decided that the debt was nondischargeable.

The SEC incorrectly applies state law standards of issue preclusion. When a federal judgment is entered in a diversity case, the court making the determination of preclusive effect should apply the "law that would be applied by the state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). However, here, the District Court's jurisdiction was premised on the underlying Amended Complaint applying federal law. As such, federal common law standards of issue preclusion apply, which require: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 288–89 (2d Cir. 2002).

Here, the issue of dischargeability was neither raised nor litigated in the Rule 60(b)(6) Motion. The District Court explicitly denied the motion for issues of timeliness and a failure to show exceptional circumstances as required by Rule 60(b)(6). The District Court made no finding that the debt was for a violation of federal securities law as required under section 523(a)(19)(A).

Therefore, Debtor is not collaterally estopped from challenging issues of dischargeability.

### D. Section 523(a)(7)

While the parties had initially focused their arguments on section 523(a)(19), the SEC makes the additional argument in its summary judgment motion that the civil penalty portion of the Consent Judgment, levied at $1,000,000, is nondischargeable pursuant to section 523(a)(7). Section 523(a)(7) provides that an individual debtor's debt be nondischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." 11 U.S.C. § 523(a)(7).

The $1,000,000 penalty plus prejudgment interest on that penalty are penalties payable to the SEC, a governmental unit, and fit squarely into the category of debts defined by section 523(a)(7). Debtor concedes that the $1,000,000 penalty and prejudgment interest on this penalty are nondischargeable under 523(a)(7).

Thus, there is no genuine issue of material fact as to the basis for the penalty. Therefore, the portions of the Consent Judgment providing for the $1,000,000 penalty and prejudgment interest on that penalty are nondischargeable as a matter of law.

### E. Impact of This Ruling

For clarity, this Court is not determining that the non-penalty disgorgement portion of the Consent Judgment is dischargeable or has been discharged. This Court is only conducing that neither Debtor nor the SEC has met their burden on nondischargeability of the $12,500,000 disgorgement liability under section 523(a)(19).

### *Conclusion*

Accordingly, for the reasons set forth herein, it is hereby

**ORDERED** that the SEC's motion for summary judgment is granted in part insofar as it seeks a determination that the Consent Judgment's penalty set at $1,000,000 plus prejudgment interest thereon is nondischargeable under section 523(a)(7); and it is further;

**ORDERED** that summary judgment as to the Debtor and the SEC's arguments on the $12,500,000 disgorgement liability and prejudgment interest thereon under section 523(a)(19) is denied; and it is further

**ORDERED**, that this Court will issue a trial scheduling order on the remaining claims.



Dated: December 21, 2023
     Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge